THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VIIVA GLOBAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMPLETE MERCHANT SOLUTIONS, LLC; STEINWAY HUANG; and JOHN and JANE DOES 1–10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [5] MOTION TO REMAND**<br><br>Case No. 2:22-cv-00432<br><br>District Judge David Barlow |

Before the court is Plaintiff Viiva Global, LLC's motion to remand.[1] Plaintiff Viiva Global, LLC ("Viiva") requests the court remand this matter back to the Fourth District Court for the State of Utah. Because the notice of removal is defective and because the court does not have subject matter jurisdiction, the court grants the motion to remand.

## BACKGROUND

On November 8, 2021, defendants in case number 2:21-cv-00662 ("2021 Federal Case") removed that action. This court has federal question subject matter jurisdiction over the 2021 Federal Case.[2] Viiva is a plaintiff in that pending action. Steinway Huang ("Mr. Huang") is a cross defendant and a member of SH Global, LLC, a plaintiff and counter defendant in that action.

On May 3, 2022, Viiva initiated this separate action in the Provo Division of the Fourth Judicial District Court of Utah.[3] It filed a complaint against Mr. Huang, Complete Merchant

---

[1] Expedited Motion to Remand to State Court, ECF No. 5, filed July 11, 2022.
[2] Notice of Removal, *Viiva Global et al v. Zhou et al*, No. 2:21-cv-00662 (D. Utah Nov. 8, 2021), ECF No. 2.
[3] Ex. A to Notice of Removal, ECF No. 2.

Solutions ("CMS"), and John and Jane Does 1–10.[4] The complaint requests declaratory

judgment concerning both the ownership of an account at CMS and Viiva's actions in removing

and appointing managers, including Mr. Huang.[5]

      On May 23, 2022, Viiva served the summons and complaint in this action on Mr. Huang.[6]

On June 28, 2022, Mr. Huang filed a notice of removal in this court.[7] Mr. Huang contended

jurisdiction was proper under 28 U.S.C. § 1332, noting that he is a resident of California and that

"Viiva is a Utah-registered entity."[8] He argued that the citizenship of CMS "should not matter"

because "[t]here is no request for relief against CMS nor any claim against it in the Complaint."[9]

      Shortly thereafter, Viiva filed this Motion to Remand, asserting that Mr. Huang's notice

of removal is defective because: (1) it fails to establish both complete diversity of citizenship and

the amount in controversy requirement of 28 U.S.C. § 1332; (2) it is untimely; and (3) it fails to

satisfy the unanimity requirement.[10] In support of its arguments, Viiva pointed to the fact that

Viiva is a limited liability company ("LLC"), and Mr. Huang is the sole or majority member of

one of Viiva's current members, SH Global, LLC. Viiva also argued that Mr. Huang filed the

notice of removal six days late and that Mr. Huang did not satisfy the unanimity requirement

because CMS did not join in the removal.

      Mr. Huang responded with an opposition to the motion.[11] In his opposition, he did not

explain why his notice of removal was timely. He did not address Viiva's contention that

diversity is lacking between Viiva and Mr. Huang, simply restating that "Mr. Huang is a resident

---

[4] *Id.*

[5] *Id.* at 1–2.

[6] Ex. C to Notice of Removal, ECF No. 2.

[7] Notice of Removal, ECF No. 2, filed June 28, 2022.

[8] *Id.* at 4–5.

[9] *Id.*

[10] Mot. to Remand, ECF No. 5, filed July 11, 2022.

[11] Mem. in Opp'n to Mot. to Remand, ECF No. 9, filed July 26, 2022.

of California" and "Viiva is a Utah-registered entity." Mr. Huang again asserted that CMS "is not a real party in interest in the case" because the "Complaint seeks relief only against [Mr. Huang]." Mr. Huang then argued that supplemental jurisdiction applies, since this case should be consolidated with the 2021 Federal Case. He failed to provide any authority as to why consolidation would be proper.

Viiva replied in a manner consistent with its motion.[12] The motion is now fully briefed, and the court finds that oral argument would not assist it.

## DISCUSSION

"At the outset, [the court] note[s] that there are two types of improperly removed cases: those in which the federal court has no subject matter jurisdiction and those with [any] defects in the removal procedure itself."[13] "[G]rounds for remand [that] qualify within the meaning of 'any defects'" include "noncompliance with the time limits provided in § 1446(b)" and "noncompliance with the unanimity requirements in § 1446(b)(2)(A)."[14] The removal statutes require "strict construction."[15]

Viiva asserts Mr. Huang's notice of removal suffers from both procedural defects and a lack of subject matter jurisdiction. The court first addresses the alleged procedural defects of untimeliness and noncompliance with the unanimity requirement. It then turns to whether subject matter jurisdiction is satisfied. Finally, it considers Mr. Huang's argument for supplemental jurisdiction.

---

[12] Reply in Support of Mot. to Remand, ECF No. 10, filed August 9, 2022.
[13] *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999).
[14] *City of Albuquerque v. Soto Enters., Inc*., 864 F.3d 1089, 1094–95 (10th Cir. 2017); *see also* 28 U.S.C. § 1447(c).
[15] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).

I.      **Mr. Huang's Notice of Removal Was Untimely Because He Filed It Thirty-Six Days after Viiva Served Him with the Summons and Complaint.**

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[16] "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand."[17]

Viiva served Mr. Huang with the summons and complaint on May 23, 2022. Thirty-six days later, Mr. Huang filed a notice of removal. In his response to Viiva's Motion to Remand, Mr. Huang did not contest or explain his failure to meet the removal deadline. Remand is warranted because Viiva's objection was timely and because Mr. Huang filed his notice of removal six days after the statutory thirty-day window had expired.

II.     **Mr. Huang's Notice of Removal Failed to Satisfy the Unanimity Requirement Because CMS Did Not Join in or Consent to the Removal of the Action.**

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."[18] When a co-defendant does not join in the petition for removal, "the petition [is] procedurally defective."[19]

Here, Mr. Huang's notice of removal indicates that CMS accepted service on May 10, 2022.[20] However, CMS did not join in Mr. Huang's June 28, 2022 notice of removal, and Mr.

---

[16] 28 U.S.C. § 1446(b)(1).
[17] *Huffman*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)) (observing that the notice of removal at hand was untimely and the plaintiffs' timely objection should have defeated its removal).
[18] 28 U.S.C. § 1446(b)(2)(A).
[19] *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981).
[20] Ex. D to Notice of Removal, ECF No. 2.

Huang does not allege that CMS consented to the removal. Therefore, the notice of removal is procedurally defective, and remand is warranted.

III. **Mr. Huang's Notice of Removal Failed to Assert Subject Matter Jurisdiction Because It Does Not Establish Complete Diversity of the Parties.**

"The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence."[21] Thus, the party invoking the federal court's jurisdiction bears the burden of proof."[22]

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states, citizens of a State and citizens or subjects of a foreign state, . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties," and "a foreign state . . . as plaintiff and citizens of a State or of different States."[23]

This "[d]iversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."[24] "In general, for jurisdictional citizenship, there are two types of business organizations: corporations and unincorporated associations."[25] "[A]n LLC, as an unincorporated association, takes the citizenship of all its members."[26] "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced

---

[21] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Wilshire Oil Co. of Texas v. Riffe*, 409 F.2d 1277 (10th Cir. 1969); *City of Lawton, Okla. v. Chapman*, 257 F.2d 601 (10th Cir. 1958)).
[22] *Id.* (citing *Becker v. Angle*, 165 F.2d 140 (10th Cir. 1947)).
[23] 28 U.S.C. § 1332(a).
[24] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015)
[25] *Id.*
[26] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

through however many layers of partners or members there may be to determine the citizenship of the LLC."[27]

The caption of Mr. Huang's notice of removal identifies Viiva as an LLC, though his argument section states only that "Viiva is a Utah-registered entity." The court takes judicial notice that the Utah Division of Corporations and Commercial Code Business Search website identifies Viiva as an "LLC,"[28] as does the Verified Second Amended Complaint, signed by Mr. Huang, in the 2021 Federal Case.[29] Mr. Huang did not list Viiva's members in his notice of removal. Viiva alleges that its current members are Bowen, LLC; Global Legacy, LLC; SH Global, LLC; Affe Holdings, LLC; and 402K Holdings, LLC. It believes that Mr. Huang is the sole or majority member of SH Global, LLC.[30] As Viiva correctly asserts, Mr. Huang's designation as both a member of a member of the plaintiff and as a defendant would destroy complete diversity: a plaintiff (Viiva) would be a citizen of the same state (California) as a defendant (Mr. Huang). Mr. Huang did not respond to this argument, again simply asserting that "Viiva is a Utah-registered entity."[31] Because Mr. Huang failed to satisfy his burden of establishing that federal jurisdiction exists, remand is required.[32]

---

[27] *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 (10th Cir. 2021) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).

[28] *Business Search: Viiva Global, LLC*, Utah Div. Corps. & Com. Code, https://secure.utah.gov/bes/index.html (last visited September 14, 2022) (entering "Viiva Global" into the "Business Name" Search bar).

[29] *Viiva Global et al v. Zhou et al*, No. 2:21-cv-00662 (D. Utah Nov. 8, 2021), ECF No. 30.

[30] *Id*. at 2; Mot. to Remand 3.

[31] Resp. 6.

[32] Viiva also argues that the $75,000 amount-in-controversy requirement is not met. Because it is plain that this case must be remanded, the court does not address this additional argument.

**IV.   Because the Court Does Not Have Subject Matter Jurisdiction Over this Action, Consolidation Is Improper and There Is No Basis for Supplemental Jurisdiction.**

Mr. Huang's notice of removal purports to double as a motion to consolidate this case with the 2021 Federal Case pending before this court.[33] He asserts that the 2021 Federal Case can serve as the anchor for this court to exercise supplemental jurisdiction over these claims.[34]

"If *actions before the court* involve a common question of law or fact, the court may consolidate the actions"[35] under Federal Rule of Civil Procedure 42. But "[a]bsent proper removal from state court, th[e district court] has no authority to consolidate."[36]

As detailed above, the court lacks subject matter jurisdiction over this case. Without subject matter jurisdiction, this case is not properly before the court and the court has no authority to consolidate it with another case or exercise supplemental jurisdiction.

In short, Mr. Huang's arguments about consolidation and supplemental jurisdiction do not cure the defects in its notice of removal nor this court's lack of subject matter jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff Viiva's Motion to Remand is GRANTED. The court ORDERS the Clerk to remand this action back to the Fourth Judicial District Court for the State of Utah.

---

[33] Notice of Removal 1.

[34] Notice of Removal 6–7; Resp. 7–8.

[35] Fed. R. Civ. P. 42(a)(2) (emphasis added); *see also* DUCivR 42-1.

[36] *Arellano v. Hodge*, No. 14-CV-590, 2018 WL 637854, at *7 (S.D. Cal. Jan. 30, 2018); *see Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) ("Rule 42 applies to cases that are properly before the same court."); *U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) ("Rule 42(a) requires that both actions be 'pending before the court' and an improperly removed action does not meet this criterion."); *Appalachian Power Co. v. Region Properties, Inc.*, 364 F. Supp. 1273, 1277 (W.D. Va. 1973) ("Since the court believes removal is improper, it necessarily has no authority to consolidate.").

Signed September 21, 2022.

BY THE COURT

_____

David Barlow
United States District Judge